UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mary Baker, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| Mario Badescu Skin Care, Inc. | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Mary Baker ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Mario Badescu Skin Care, Inc. ("Defendant"), seeking monetary damages and other remedies.

## NATURE OF ACTION

1. This is a putative class action lawsuit on behalf of purchasers of Mario Badescu Skincare Facial Spray with Aloe, Herbs and Rosewater[1] (the "Product").

2. Defendant manufactures, markets, and sells the Product in thousands of stores throughout the United States, including the state of New York.

3. Defendant specializes in developing, marketing, and selling skincare solutions to consumers. One of its flagship products is its Skincare Facial Spray with Aloe, Herbs, and Rosewater. According to Defendant, "[i]n the 1980s the [Product] was formally introduced to [its product] line" and "was always a well-loved product" that has "become a household name."

---

[1] The Products include all sizes of Mario Badescu Skincare Facial Spray with Aloe, Herbs and Rosewater.

Defendant prominently advertises, markets, and sells the Product as a cosmetic that contains "Rosewater" (the "Rosewater Representation"). The Rosewater Representation represents that the Product is made with Rosewater as one of its ingredients.



4. Defendant intentionally misleads consumers into believing that the Product is made with rosewater. It does this because consumers believe rosewater is beneficial for the skin due to its anti-inflammatory properties, which can soothe skin irritation and reduce discoloration.

5. However, unbeknownst to consumers, the Product does not contain rosewater. Rather, it contains *Rosa canina* bud extract (also known as rosehip extract).

2

6. As such, Defendant has engaged in widespread false and deceptive conduct by designing, marketing, manufacturing, distributing, and selling the Product with the Rosewater Representation. Every package of the Product misleads consumers into believing the Product is made with rosewater.

7. Plaintiff and Class members purchased the Product, which is designed, marketed, manufactured, distributed, and sold by Defendant. Further, Plaintiff and Class members relied to their detriment on Defendant's Rosewater Representation, when the Product does not contain rosewater. Plaintiff and Class members would not have purchased the Product – or would not have paid as much as they did to purchase them – had they known the Rosewater Representation was false. Plaintiff and Class Members thus suffered monetary damages as result of Defendant's deceptive and false representation.

8. Plaintiff brings this action individually, and on behalf of similarly situated individuals who purchased the falsely and deceptively labeled Product for fraud, breach of express warranty, and violations of New York General Business Law §§ 349 and 350.

## PARTIES

9. Plaintiff Mary Baker is a citizen and resident of Brockport, New York, who has an intent to remain there, and is therefore a domiciliary of New York. In December 2023, Plaintiff purchased a bottle of the Product from T.J. Maxx in Brockport, New York. Prior to her purchase of the Product, Plaintiff reviewed the product's labeling and packaging and saw that her Product was labeled and marketed with the Rosewater Representation. Based on the Rosewater Representation, Plaintiff believed she was purchasing a product containing rosewater. Plaintiff relied on Defendant's Rosewater Representation in deciding to purchase her Product. Accordingly, the Rosewater Representation was part of the basis of the bargain, in that she would not have purchased her Product on the same terms had she known the Rosewater Representation was not

true. In making her purchase, Plaintiff paid a price premium for a product that was made with rosewater.

10. Defendant Mario Badescu Skin Care, Inc. is a New York corporation with its principal place of business at 320 East 52 St., New York, New York. Defendant formulates, manufactures, labels, markets, distributes, and sells the Product nationwide. Defendant has maintained substantial distribution and sales in this District.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of a state different from Defendant.

12. This Court has specific jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Product. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.

**FACTUAL ALLEGATIONS**

I.     **Defendant Misrepresents The Product Contains Rosewater**

14.    Defendant falsely and misleading labels the Product as containing rosewater:



15. Similarly, Defendant's marketing and advertising emphasize that the product contains rosewater by featuring images of rose petals:



16. Rosewater is made by distilling rose petals with steam, separating the essential oils in the petals from the water. Rosewater is ideal for daily skincare uses because it is gentle on the skin, has a milder fragrance than rose oils. Rosewater is typically derived from *Rosa damascena* or *Rosa centifolia* species of roses:



                 *Rosa damascena*                                *Rosa centifolia*

17. However, the Product does not contain rosewater at all. Instead, the Product contains *Rosa canina* bud extract:

**Ingredients**

Water (Aqua/Eau), Aloe Barbadensis Leaf Juice, Propylene Glycol, Polysorbate 20, Fucus Vesiculosus Extract, Phenoxyethanol, Caprylyl Glycol, Gardenia Florida Fruit Extract, Fragrance (Parfum), Thymus Vulgaris (Thyme) Extract, Hexylene Glycol, Citric Acid, Potassium Sorbate, Sodium Benzoate, Rosa Canina Bud Extract, Geraniol, Citronellol, Red 40 (CI 16035), Yellow 5 (CI 19140).

18. *Rosa canina* bud extract is derived from the *Rosa canina* (dog rose) plant:



*Rosa canina*

19. *Rosa canina* bud extract is derived from the fruit (hip) of the plant, also known as the rosehip:



*Rosa canina hip*

The extract is made is by using a solvent like ethanol or 1,3-butylene glycol on dried raw *Rosa canina* bud powder, which is then filtered to make the extract.

20. Rosewater and *Rosa canina* bud extract have different composition. Rosewater is a light, water-based ingredient. Further it is often used in toner and skincare because it has anti-inflammatory and antibacterial benefits that soothe and cleanse the skin. In contrast, *Rosa canina* bud extract is oil-based, making it a more intensive treatment more akin to a skin moisturizer.

## II. Defendant's Rosewater Representation

21. Defendant falsely and misleading labels its Product with the Rosewater Representation placed on the front of the Product packaging intentionally to mislead consumers into believing the Product contains rosewater.

22. Defendant does so because rosewater is a popular and desirable ingredient in skincare. In fact, market research has found that consumers are drawn to rosewater in skincare such as toners, sprays, and cleansers because it appeals to health-conscious consumers. As a result, retailers (and manufacturers) have been expanding their skincare lines to feature rosewater as a key ingredient in their offerings.

23. Similarly, research has shown that rosewater is one of the top three most desired botanical ingredients in skincare.

24. Defendant knew or should have known that the Product did not contain rosewater because Defendant and/or its agents formulated and manufactured the Product.

## III. Defendant's Rosewater Representation Harms Consumers

25. Plaintiff and Class members purchased the Product in reliance on the Rosewater Representation, reasonably believing the Product contained rosewater.

26. Plaintiff's and Class members' reasonable belief that the Product contained rosewater was a significant factor in their decisions to purchase the Product.

27. Plaintiff and Class members did not know, and had no reason to know, that the Product contained *Rosa canina* bud extract because of how the Product is deceptively labeled and advertised to create the impression the Product contains rosewater. Nothing on the front packing of the Product indicates that the Product does not contain rosewater.

28. Defendant knew that Plaintiff and Class members would rely on the Rosewater Representation and would therefore reasonably believe the Product contained rosewater.

29. Because the Product does not contain rosewater as represented by Defendant and reasonable expected by Plaintiff and Class members, Defendant's uniform practice regarding the marketing and sale of the Product was and continues to be misleading and deceptive.

30. Each Class members has been exposed to the same or substantially similar deceptive practices, as the Product does not contain rosewater.

31. Consumers are willing to pay a price premium for rosewater. They are also induced to make purchases that they otherwise would not have, but for the belief that the Product contains rosewater. Plaintiff and Class members would not have purchased the Product had they known that the Product did not contain rosewater. Further, Plaintiff and Class members paid a price premium for the Product because of the Rosewater Representation. Therefore, Plaintiff and Class members suffered an injury in fact and lost money as a result of Defendant's false and misleading Rosewater Representation.

## CLASS ALLEGATIONS

32. *Class Definition*: Plaintiff brings this action on behalf of all people who purchased at least one of the Product in the United States within the applicable statute of limitations period.

33. *New York Subclass Definition*: Plaintiff brings this action on behalf of all people who purchased at least one of the Product in the state of New York within the applicable statute of limitations period.

34. The class definitions are a placeholder that may be altered or amended before final judgment. Fed. Civ. P. 23(c)(1)(C). Subject to additional information obtained through further investigation and discovery, the foregoing class definitions may be expanded or narrowed by amendment or in the motion for class certification, including through the use of subclasses.

35. Excluded from the putative classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family. Also excluded are any claims for personal injury.

36. *Numerosity*. Class members are so numerous that their individual joinder is impracticable. The classes include thousands of consumers. The precise number of class members and their identities are unknown to the Plaintiff at this time but may be determined through discovery.

37. *Commonality and Predominance*. Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to:

    a. Whether the Rosewater Representation has a tendency to deceive;

    b. Whether the Rosewater Representation is materially misleading;

    c. Whether Plaintiff and Class members are entitled to damages;

    d. Whether Plaintiff and Class members are entitled to statutory damages;

    e. Whether Defendant's conduct, as alleged herein, violates the consumer protection laws asserted here; and

   f. Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

38. *Typicality.* Plaintiff's claims are typical of the claims of class members because Plaintiff and Class members sustained damages as a result of Defendant's uniform wrongful conduct.

39. *Adequacy.* Plaintiff will fairly and adequately protect the interests of class members. Plaintiff retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff will vigorously prosecute this action on behalf of class members.

40. *Superiority.* A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for class members; the class is readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

41. Without a class action, Defendant will likely retain the benefits of its wrongdoing.

## FIRST CAUSE OF ACTION
### Violation of New York General Business Law § 349

42. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

43. Plaintiff brings this cause of action individually and on behalf of the New York Subclass members.

44. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

45. In their sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

46. Plaintiff and Class members are consumers who purchased the Product for their personal use.

47. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, as alleged above.

48. The foregoing deceptive acts and practices were directed at consumers.

49. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of the Product to induce consumers to purchase the same.

50. By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

51. Defendant's actions are the direct, foreseeable, and proximate cause of the damages Plaintiff and Class members have sustained from having paid for and used the Product.

52. As a result of Defendant's violations, Plaintiff and Class members have suffered damages because: (a) they would not have purchased the Product on the same terms if they knew about Defendant's misrepresentation; (b) they paid a price premium for the Product due to the misrepresentation; and (c) the Product does not have the characteristics, uses, benefits, or qualities as promised.

53. Plaintiff seeks all available relief under this cause of action.

## SECOND CAUSE OF ACTION
### Violation of New York General Business Law § 350

54. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

55. Plaintiff brings this cause of action individually and on behalf of the New York subclass members.

56. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

57. Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."

58. Based on the foregoing, Defendant engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of New York's General Business Law § 350.

59. Defendant's false, misleading, and deceptive statement and representation of fact were and are directed toward consumers. Defendant also actively concealed and knowingly admitted material facts regarding the true nature of the Product.

60. Defendant's false, misleading, and deceptive statement and representation of fact and omissions were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

61. Defendant's false, misleading, and deceptive statement and representation of fact has resulted in consumer injury or harm to the public interest.

62. As a result of Defendant's false, misleading, and deceptive statement and representation of fact, Plaintiff and class members have suffered and continue to suffer economic injury.

63. As a result of Defendant's violations, Plaintiff and class members have suffered damages because: (a) they would not have purchased the Product on the same terms if they knew about Defendant's misrepresentation; (b) they paid price premium for the Product due to the misrepresentation; and (c) the Product does not have the characteristics, uses, benefits, or qualities as promised.

64. Plaintiff seeks all available relief under this cause of action.

## THIRD CAUSE OF ACTION
### Fraud

65. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

66. Plaintiff brings this cause of action individually and on behalf of the Class and Subclass members.

67. As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information about the Product, including but not limited to the Rosewater Representation.

68. This misrepresentation was made with knowledge of its falsehood.

69. The misrepresentation made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce, and actually induced Plaintiff and Class members to purchase the Product.

70. The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## FOURTH CAUSE OF ACTION
### Breach of Express Warranty

71. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

72. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass members.

73. As the designer, manufacturer, marketer, distributor, and/or seller of the Product, Defendant issued an express warranty by representing to consumers at the point of purchase that the Product contained rosewater.

74. Defendant's representation was part of the description of the Product and the

bargain upon which the Product was offered for sale and purchased by Plaintiff and Class members who reasonably relied on the Rosewater representation.

75. In fact, the Product does not conform to the above-referenced representation because, as alleged in detail above, the Product does not contain rosewater. Thus, the warranty was breached.

76. On December 9, 2025 prior to the filing of this Complaint, Plaintiff's counsel sent Defendant a warranty notice letter that complied in all respects with U.C.C. 2-607. The letter provided notice of breach of express warranty. The letter was sent via certified mail with return receipt to Defendant advising Defendant that it was in violation of the U.C.C. 2-607 and state consumer protection laws and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letters stated that they were sent on behalf of Plaintiff and all other similarly situated purchasers.

77. As a direct and proximate results of Defendant's breach, Plaintiff and Class members were injured because they: (1) paid money for a Product that was not as Defendant represented; (2) were deprived of the benefit of the bargain because the Product they purchased was different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Product they purchased had less value than Defendant represented. Had Defendant not breached the express warranty by making the false Rosewater Representation alleged herein, Plaintiffs and Class members would not have purchased the Product or would not have paid as much as they did for them.

78. Plaintiff seeks all available relief under this cause of action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

A. Certification of the proposed Class and Subclass; appointment of Plaintiff as representatives of the Class and Subclass; and appointment of undersigned counsel as counsel for the Class and Subclass;

B. A declaration that Defendant's actions complained of herein violated the statutes referenced herein;

C. For an order finding in favor of Plaintiff and Class members on all counts asserted herein;

D. For actual, compensatory, statutory, nominal, and/or punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order awarding Plaintiff and Class members their reasonable attorney fees, expenses, and costs of suit.

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated: December 17, 2025

Respectfully submitted,

*/s/ Stacey Ann Van Malden*

Stacey Ann Van Malden
**GOLDBERGER & DUBIN, PC**
401 Broadway, Ste 306
New York, NY 10013
(212) 431-9380
Fax: (212) 966-0588
Email: staceyl11@optonline.net

Brittany S. Scott*
**SMITH KRIVOSHEY, PC**
28 Geary Str Ste. 650 No. 1507

San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: 888-410-0415
E-Mail: brittany@skclassactions.com

*Counsel for Plaintiffs and the Class*

*\*Pro hac vice forthcoming*

17