UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                             :

MARY BAKER and ANIYAH MCGEE, *individually and* :
*on behalf of all others similarly situated*,         :
                                             :

                    Plaintiffs,          :

                                             :

          -v-                        :          25 Civ. 10510 (JPC)

                                             :

MARIO BADESCU SKIN CARE, INC.,      :          ORDER

                                           :

                    Defendant.        :

                                           :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Before the Court is Defendant Mario Badescu Skin Care, Inc.'s unopposed motion to stay discovery pending the Court's resolution of Defendant's anticipated motion to dismiss. Dkt. 39 ("Motion"). Defendant argues that there is good cause for a stay because there would be no prejudice to Plaintiffs, Defendant's forthcoming motion is potentially meritorious and could partially if not entirely resolve the case, and a stay is in the interest of judicial efficiency. *Id.* at 1.

"A motion to dismiss does not automatically stay discovery, and discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024) (citation modified). Rather, "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to" Federal Rule of Civil Procedure 26(c). *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation modified). In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (citation modified). Courts generally consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to

the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018).

After weighing these factors, the Court concludes that Defendant has shown good cause to stay discovery. Discovery will likely be extensive, and as Defendant observes, the Court's ruling could narrow the "scope of relevant discovery" and its duration. Motion at 1. Defendant's forthcoming motion will challenge Plaintiffs' standing along with the merits of Plaintiffs' consumer protection, fraud, and express warranty claims. Dkt. 10 at 1-3. Without prejudging its merits, Defendant's motion does not appear unfounded in the law and could dispose of some or even all of Plaintiffs' claims. *See Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (collecting cases finding that a defendant's potentially dispositive showing on the merits weighs in favor of a stay). "[I]n the event that some of Plaintiffs' claims are dismissed and others survive," a stay may have the effect of "simplifying and shortening discovery . . . by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). Finally, as Plaintiffs do not oppose the motion to stay discovery, the Court sees no resulting prejudice to them.

Accordingly, the Court grants Defendant's motion and stays discovery pursuant to Federal Rule of Civil Procedure 26(c) pending the Court's ruling on Defendant's anticipated motion to dismiss or further order of the Court. If appropriate, the parties shall file a proposed Civil Case Management Plan and Scheduling Order one week after the Court rules on Defendant's motion to dismiss.

SO ORDERED.

Dated: June 17, 2026
      New York, New York

_____
JOHN P. CRONAN
United States District Judge

2